```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
TRUSTEES OF THE NEW YORK CITY                         :
DISTRICT COUNCIL OF CARPENTERS                        :
PENSION FUND, WELFARE FUND,                           :
ANNUITY FUND, AND APPRENTICESHIP,                     :
JOURNEYMAN RETRAINING,                                :
EDUCATIONAL AND INDUSTRY FUND,                        :      17 Civ. 4667 (KPF)
TRUSTEES OF THE NEW YORK CITY                         :
CARPENTERS RELIEF AND CHARITY FUND,                   :      OPINION AND ORDER
THE NEW YORK CITY AND VICINITY                        :
CARPENTERS LABOR-MANAGEMENT                           :
CORPORATION, and the NEW YORK CITY                    :
DISTRICT COUNCIL OF CARPENTERS,                       :
                                                      :
                               Petitioners,           :
                                                      :
                  v.                                  :
                                                      :
COASTAL ENVIRONMENTAL GROUP INC.,                     :
                                                      :
                               Respondent.            :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 7, 2017

KATHERINE POLK FAILLA, District Judge:

Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational, and Industry Fund (collectively, the "ERISA Funds"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"), the New York City and Vicinity Carpenters Labor-Management Corporation (together with the ERISA Funds and the Charity Fund, the "Funds"), and the New York City District Council of Carpenters (the "Union," together with the Funds, "Petitioners") commenced this action on June 21, 2017, petitioning the Court pursuant to Section 301 of the Labor Management

Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award (the "Award") issued against Respondent Coastal Environmental Group Inc. (Dkt. #1). Petitioners also moved to recover attorney's fees and service, filing, and mailing costs incurred in connection with the instant action.

To date, Respondent has neither opposed Petitioners' confirmation action nor sought relief from the Award. For the reasons set forth in this Opinion, Petitioners' motion for summary judgment is granted.

## BACKGROUND[1]

### A. The Contract Between the Parties

The Union and Respondent are parties to an Independent Heavy Construction Dockbuilding Marine and Foundation Agreement, effective September 1, 2010 (the "CBA" (Dkt. #11, Ex. A)), that the parties extended on December 1, 2011, by executing an Interim Compliance Agreement (Dkt. #11, Ex. B). In relevant part, the CBA required Respondent to make payments to fringe benefits funds, including to the Funds here, on behalf of its employees in accordance with schedules set forth in the agreement. (CBA 19-21, 30, 39-40, 50-52). The CBA authorized Petitioners to audit Respondent's books and payroll records, including disbursement records, to verify that the requisite contributions had been paid. (*Id.* at 33-34; *see generally* Pet. 56.1 ¶¶ 6-10).

---

[1] The record references in this Opinion are taken from Petitioners' Local Civil Rule 56.1 Statement of Material Facts Not in Issue ("Pet. 56.1" (Dkt. #13)), the relevant collective bargaining agreement between Respondent and the Union (the "CBA" (Dkt. #11, Ex. A)), and the arbitration award ("Arb. Op." (Dkt. #11, Ex. E)). Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.

The CBA included dispute resolution provisions that governed any arbitration and judicial proceedings related to Respondent's obligation to make payments to the Funds. The CBA provided that the parties were to arbitrate "any claims or violation[s]" concerning payments to the Funds before an impartial arbitrator designated by the agreement. (CBA 8). The CBA vested the arbitrator with broad authority: "The arbitrator shall conduct a hearing in such manner as he shall consider proper and shall serve as sole arbitrator of the dispute … [and his decision] shall be final and binding upon both parties." (*Id.* at 9). The arbitrator was also "empowered to award such interest, liquidated damages, and/or costs as may be applicable[.]" (*Id.* at 33). Under the CBA, if Petitioners were to commence judicial proceedings to recover delinquent contributions and a court were to render a judgment in Petitioners' favor, Respondent would be obligated to pay (i) all unpaid contributions; (ii) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (iii) an amount equal to the greater of (a) the interest charges on the unpaid contributions, or (b) liquidated damages of 20% of the unpaid contributions; (iv) reasonable attorney's fees and costs; and (v) any other relief the court deems appropriate. (*Id.*; Pet. 56.1 ¶ 11).

**B.     The Arbitration Proceeding**

Petitioners conducted an audit of Respondent's books and records for the period June 30, 2013, through June 27, 2015; the audit revealed that Respondent had failed to make contributions required under the CBA in the principal amount of $81,309.02. (Pet. 56.1 ¶ 12). A dispute arose when

3

Respondent failed to remit the unpaid contributions. In accordance with the CBA's arbitration provisions, the parties submitted the dispute to arbitration before Roger Maher, one of three impartial arbitrators designated by the CBA. (CBA 37). At the arbitration, the Union requested the monies due, including delinquency assessments and interest, attorney's fees, the arbitrator's fee, court costs, audit costs, and a promotional fund fee. (Arb. Op. 2).

On February 16, 2017, Arbitrator Maher convened a proceeding after proper notice was provided to the parties. (Pet. 56.1 ¶ 14; Arb. Op. 1). The next day, Arbitrator Maher issued an opinion and award, finding that "[t]he uncontroverted testimony and evidence established that the Respondent was bound ... to make certain payments to [the] Funds" and that "delinquencies were discovered[.]" (Arb. Op. 2). "The total amount of [Respondent's] delinquency and interest was $111,157.61." (*Id.*). Arbitrator Maher awarded a total of $116,782.89, which consisted of (i) $81,309.02 in principal; (ii) $13,586.79 in interest; (iii) $16,261.80 in liquidated damages; (iv) $684.32 in late payment interest; (v) $626.50 in promotional fund fees; (vi) $400.00 in court costs; (vii) $1,500.00 in attorney's fees; (viii) $500.00 in arbitrator's fees; and (ix) $1,914.46 in audit costs. (*Id.* at 3). Arbitrator Maher ordered Respondent to pay Petitioners a sum of $116,782.89, "with interest to accrue at the rate of 5.75% from the date of this award." (*Id.*).

**C.     The Instant Litigation**

On June 21, 2017, Petitioners filed a Petition to Confirm an Arbitration Award, requesting that this Court confirm the Award in full, with interest at

4

the rate of 5.75% from the date of the Award, and order Respondent to pay Petitioners' attorney's fees and additional costs incurred in prosecuting the instant matter. (Dkt. #1). By Order dated June 23, 2017, this Court directed Petitioners to move for confirmation of the Award by submitting a motion for summary judgment on or before July 6, 2017, in accordance with Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. (Dkt. #7). The Court's Order further provided that Respondent's opposition, if any, would be due on July 20, 2017, and Petitioners' reply, if any, would be due on July 27, 2017. (*Id.*).

On July 6, 2017, Petitioners filed a motion for summary judgment to confirm the Award (Dkt. #10); a memorandum of law (Dkt. #14) and attorney declaration (Dkt. #12) in support thereof; and contemporaneous billing records reflecting all expenses incurred and time spent by members of counsel's team in connection with this action (Dkt. #12, Ex. F). Those records indicate that Todd Dickerson (Of Counsel at Virginia & Ambinder, LLP ("V&A")) billed 2.2 hours at a rate of $300 per hour; Joseph J. Indelicato (V&A Associate), 4.5 hours at a rate of $225 per hour; Claire Vinyard (V&A Associate), 4.55 hours at a rate of $225 per hour; and unnamed V&A Legal Assistants, 3.1 hours at a rate of $100 per hour. (*Id.*). Counsel also incurred additional expenses in pursuing this action, including a court fee ($400.00), service fee ($75.00), and mailing fees ($26.68). Accordingly, Petitioners' counsel requested

that the Court award $3,006.25 in attorney's fees and $501.68 in additional expenses.

Respondent did not file an opposition to Petitioners' motion for summary judgment.

**DISCUSSION**

**A.     Applicable Law**

    **1.     Unopposed Petitions to Confirm Arbitration Awards**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]" *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council* v. *Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997). As the Second Circuit recently noted, "The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial "review of an arbitration award under the LMRA is, accordingly, 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). When a court reviews a labor dispute

6

arbitration, "[i]t is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks omitted). "[U]nless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, No. 15 Civ. 781 (LGS), 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536. A reviewing court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement … ,' it must

7

be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

### 2. Summary Judgment

Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). "When a petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record … as akin to a motion for summary judgment.'" *Trs. for the Mason Tenders District Council Welfare Fund* v. *Euston Street Services, Inc.*, 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (omission in original) (quoting *Gottdiener*, 462 F.3d at 109). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Gottdiener*, 462 F.3d at 110).

Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return

8

a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

### 3. Entitlement to Attorney's Fees and Costs

The parties' agreement obligates the employer that fails to make timely contributions to the Funds to pay attorney's fees and costs incurred in recovering the delinquent contributions. For this reason, the agreement is a sufficient basis upon which to award reasonable attorney's fees and costs. *See N.Y. City Dist. Council of Carpenters Pension Fund* v. *Dafna Constr. Co., Inc.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) ("Since the parties bargained for the awarding of attorneys' fees in this precise circumstance, the Court respects their agreement and orders [the respondent] to pay the costs incurred by the Trustees in seeking confirmation of the arbitrator's award."); *see also Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (holding that the CBA authorized award of attorney's fees and costs in action to confirm an arbitration award).

To determine whether a fee is reasonable, a court typically begins by calculating "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — which creates a presumptively reasonable fee." *Stanczyk* v. *City of N.Y.*, 752 F.3d 273, 284

9

(2d Cir. 2014) (internal citation, alterations, and quotation marks omitted). The Court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany and Albany Cty. Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable. The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]" *Quaratino* v. *Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).

**B. Analysis**

    **1. Petitioners Are Entitled to Confirmation of the Total Amount of the Arbitral Award**

Particularly given the Court's deferential posture in reviewing arbitral awards under the LMRA, the Court finds that the undisputed facts of this case make plain that the Court must confirm the Award. The CBA required Respondent to remit benefit-fund contributions for all work Respondent performed within the Union's trade and geographical jurisdiction. Petitioners determined that Respondent had not made all required contributions for the time period from June 30, 2013, through June 27, 2015, and pursued arbitration under the terms of the CBA. Arbitrator Maher issued a Notice of Hearing on January 13, 2017. (Dkt. #11, Ex. D). At that hearing, Arbitrator Maher found that "uncontroverted testimony and evidence" established that "delinquencies were discovered in the amount of contributions due the … Funds during the period of 6/30/2013 through 6/27/2015." (Arb. Op. 2). Arbitrator Maher, citing the CBA and the audit conducted of Respondent's

10

books and payroll records, issued an Award that included the delinquency assessment and interest on said delinquency, attorney's fees, arbitrator's fee, court costs, audit costs, and a promotional fund fee. Together, the Award totaled $116,782.89, with the post-award, prejudgment interest to accrue at the rate of 5.75%.

The grounds for the Award are readily discernible from Arbitrator Maher's Opinion. (*See generally* Arb. Op.). Respondent did not dispute any of Arbitrator Maher's findings, nor the contents of the Award. Nor would there have been a basis for it to do so: Arbitrator Maher construed and applied the CBA and acted within the scope of his authority when he issued the Award. The LMRA, in turn, requires this Court to confirm the Award.

### 2. **Petitioners Are Entitled to Attorney's Fees**

The CBA authorizes Petitioners to seek "reasonable attorney's fees and costs of the action" if "formal proceedings are instituted before a court of competent jurisdiction … to collect delinquent contributions[.]" (CBA 33). It is worth noting that "courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Abondolo v. H. & M. S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases). Here, Respondent has failed to pay the Award, oppose Petitioners' motion for summary judgment, or file a motion to vacate or modify.

To support their request for attorney's fees, Petitioners submitted invoices documenting the specific tasks performed, hours worked, and attorneys' and legal assistants' hourly rates. Todd Dickerson, Of Counsel, billed 2.2 hours at a rate of $300 per hour; Associates Joseph J. Indelicato and Claire Vinyard billed a combined total of 9.05 hours at a rate of $225 per hour; and unnamed Legal Assistants billed 3.1 hours at a rate of $100 per hour. The rates requested are reasonable. Courts in the Southern and Eastern Districts of New York have approved such rates in similar actions. *See, e.g., Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension and Welfare Funds* v. *Pisgah Builders, Inc.*, No. 15 Civ. 2547 (ADS) (SIL), 2016 WL 8711353, at *5 (E.D.N.Y. June 23, 2016) (approving rates of $225-$300 for associates and counsel, and $100 for legal assistants); *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *NYC Construction Service Inc.*, No. 15 Civ. 3813 (GHW), 2016 WL 894551, at *3 (S.D.N.Y. Mar. 8, 2016) (approving rates of $225 for associates). Accordingly, Petitioners are entitled to attorney's fees in the amount of $3,006.25.

### 3. Petitioners Are Entitled to Service and Mailing Fees, but Not to the Filing Fee Already Included in the Arbitral Award

The Court finds that Petitioners' request for an award covering the service and mailing fees incurred in pursuing this action — to wit, $75.00 in service fees and $26.68 in mailing fees — is reasonable. However, the Court does not grant Petitioners' request for an award of $400.00 in court filing fees in connection with this action, as those fees have already been included in the arbitral Award. (Arb. Op. 3).

Accordingly, Petitioners are entitled to $101.68 in service and mailing fees, in addition to the $3,006.25 in attorney's fees, in connection with the instant action.

**CONCLUSION**

Petitioners' motion to confirm the arbitration award is GRANTED, and judgment will be entered in the amount of $124,710.91, comprising the arbitral award of $116,782.89; post-award, prejudgment interest of $4,820.09; and attorney's fees and service and mailing fees of $3,107.93. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: November 7, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge